IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| TELEDYNE INSTRUMENTS, INC., <br><br>             Plaintiff, <br><br> vs. <br><br> JAMES L. CAIRNS and <br> ABYSSAL SYSTEMS, INC., <br><br>             Defendants. | Case No.: 6:12-cv-00854-JA-TBS |

**Exhibit 1**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TELEDYNE INSTRUMENTS, INC.,

     Plaintiff,

v.                   **Case No.  6:12-cv-854-Orl-28-JA-TBS**

JAMES L. CAIRNS and
ABYSSAL SYSTEMS, INC.,

     Defendants.

_____/

### PLAINTIFF TELEDYNE INSTRUMENTS, INC.'S ANSWERS TO DEFENDANTS JAMES L. CAIRNS' AND ABYSSAL SYSTEMS, INC'S FIRST SET OF INTERROGATORIES

     Plaintiff Teledyne Instruments, Inc. ("Teledyne" or "Plaintiff") hereby submits the

following objections and responses to Defendants' First Set of Interrogatories.

### RESPONSES

**INTERROGATORY NO. 1:**

     Identify the Alleged Confidential Information.

**RESPONSE:**

     To the extent of Plaintiff's current knowledge but excluding confidential information

obtained during the mediation process, the Alleged Confidential Information is previously

unpublished information and ideas reflected in Patent Application US 2012/0125460 Dual

Reservoir Coupler/Connector and Provisional App. No. 10-645-US-PV and any foreign

counterparts, and the unpublished work performed by Dr. Cairns for Plaintiff.  Plaintiff reserves

the right to supplement this response as discovery is continuing, including but not limited to

subsequent to Defendants' production (in response to Plaintiff's current discovery requests) of

1

information provided to Plaintiff during the mediation process. Moreover, the Complaint requests an accounting and Plaintiff cannot finally respond to the inquiry in this Interrogatory until that accounting is provided.

**INTERROGATORY NO. 2:**

Identify any Alleged Trade Secrets.

<u>**RESPONSE:**</u>

To the extent of Plaintiff's current knowledge but excluding confidential information obtained during the mediation process, the Alleged Trade Secrets are previously unpublished information and ideas reflected in Patent Application US 2012/0125460 Dual Reservoir Coupler/Connector and Provisional App. No. 10-645-US-PV and any foreign counterparts, and the unpublished work performed by Dr. Cairns for Plaintiff. Plaintiff reserves the right to supplement this response as discovery is continuing, including but not limited to subsequent to Defendants' production (in response to Plaintiff's current discovery requests) of information provided to Plaintiff during the mediation process. Moreover, the Complaint requests an accounting and Plaintiff cannot finally respond to the inquiry in this Interrogatory until that accounting is provided.

**INTERROGATORY NO. 3:**

Identify all "inventions, as well as other design work, devices or inventions, any portion of which was performed or made by Dr. Cairns or Abyssal before December 31, 2009, or utilized Confidential Information of Teledyne Instruments," as alleged in Paragraph 32 of the Complaint.

**RESPONSE:**

To the extent of Plaintiff's current knowledge but excluding confidential information obtained during the mediation process, the Alleged Confidential Information is previously unpublished information and ideas reflected in Patent Application US 2012/0125460 Dual Reservoir Coupler/Connector and Provisional App. No. 10-645-US-PV and any foreign counterparts, and the unpublished work performed by Dr. Cairns for Plaintiff.  Plaintiff reserves the right to supplement this response as discovery is continuing, including but not limited to subsequent to Defendants' production (in response to Plaintiff's current discovery requests) of information provided to Plaintiff during the mediation process.  Moreover, the Complaint requests an accounting and Plaintiff cannot finally respond to the inquiry in this Interrogatory until that accounting is provided.

**INTERROGATORY NO. 4:**

Identify all property owned by Teledyne Instruments to which Dr. Cairns and/or Abyssal have improperly converted or over which Defendants have asserted dominion, as alleged in Paragraph 53 of the Complaint.

**RESPONSE:**

To the extent of Plaintiff's current knowledge but excluding confidential information obtained during the mediation process, the Alleged Confidential Information is previously unpublished information and ideas reflected in Patent Application US 2012/0125460 Dual Reservoir Coupler/Connector and Provisional App. No. 10-645-US-PV, and any foreign counterparts, the unpublished work performed by Dr. Cairns for Plaintiff, the property acknowledged in the letter dated March 30, 2012 from Austin Hirsch as being in Dr. Cairns'

3

possession, notes and drawings in notebooks currently held by Dr. Cairns, and parts of Teledyne

products or Teledyne products currently in Dr. Cairns' possession.  Plaintiff reserves the right to

supplement this response as discovery is continuing.  Moreover, the Complaint requests an

accounting and Plaintiff cannot finally respond to the inquiry in this Interrogatory until that

accounting is provided.

**INTERROGATORY NO. 5:**

Identify by Bates numbers all documents that have been produced in this lawsuit that

contain or reflect the Alleged Confidential Information, and state which of the Alleged

Confidential Information identified in response to Interrogatory No.1 are contained or reflected

in each document.

**RESPONSE:**

No documents have yet been produced in this lawsuit.  Teledyne responds by referring to

documents to be produced in response to RFP Nos. 1, 2, 8, and 14 - 16.  Plaintiff reserves the

right to supplement this response as discovery is continuing.

**INTERROGATORY NO. 6:**

With reference to US 2012/0125460 AI, attached as Exhibit A, identify separately by

paragraph number and line number all of the elements in such application that "Cairns and/or

Abyssal performed work on developing before December 31, 2009, "and/or which "used

Teledyne Instruments' Confidential Information in doing so before December 31, 2011," as

alleged in Paragraph 19 of the Complaint.

**RESPONSE:**

Teledyne objects to this Interrogatory on the basis of vagueness that the term element is

not defined.  Subject to and without waiving this objection, Plaintiff identifies all aspects of the

claimed invention set forth in Exhibit A to Defendants' Interrogatories. Plaintiff reserves the right to supplement this response as discovery is continuing.

**INTERROGATORY NO. 7:**

For each item of Alleged Confidential Information identified in response to Interrogatory No. 1 and for each document identified in response to Interrogatory No. 5, identify all persons (including Teledyne employees and non-employees) who at any time were given access to the Alleged Confidential Information or document, and describe when and under what circumstances the persons were given such access.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the basis that the Interrogatory is overbroad, unduly onerous and burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks production of information which is protected by the attorney work product doctrine or the attorney-client privilege. Plaintiff also objects to the logging of attorney work product and/or attorney-client privileged documents created since March 2012, when the issues regarding Dr. Cairns seeking access to certain connector parts in the possession of Teledyne arose, on the basis that such logging is unduly onerous and burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Teledyne responds that it believes the following Teledyne personnel may have had access, as part of their job duties, to some or all of the Alleged Confidential Information identified in Interrogatory No. 1 and/or the documents identified in Interrogatory No. 5:

Stewart Barlow, V.P. Technology, Europe

Dan Hawkins, Sr. Engineer, Technology Manager, Molding

Jeff Jacks, New Product Development Machinist

Roy Jazowski, Director of High Power Development

Rich Jones, Director of New Product Development

Steven J. Kowalcky, New Product Development Lab Manager

Alan McCleary, Scientist - New Product Development Technology & Integration

Ken Nagengast, Sr. V.P. Technology

Mike Read, President, Teledyne Oil & Gas, V.P. Teledyne Instruments, Inc.

William S. Taylor, Sr. New Product Development Product Test Technician, and

Former employees:

William F. Mudge, Project Engineer,

Srikanth Ramasubramanian, Sr. New Product Development Engineer, and

Peter R. Baxter, New Product Development Machine Shop Manager, but there could

have been other persons, particularly co-inventors on patents with Dr. Cairns, who could have

had access in the course of their performance of work for Plaintiff. All but Peter R. Baxter

should be contacted through counsel for Plaintiff. Accordingly, Plaintiff objects to the additional

information requested regarding individuals as unduly onerous and burdensome and not

reasonably calculated to lead to the discovery of admissible evidence. Peter Baxter's last known

business affiliation was as NPD Model Shop Manager, Teledyne Instruments, Inc. His last

known personal residence was 505 Chelsea Place Ave., Ormond Beach, FL 32174. In response

to this Interrogatory, Plaintiff incorporates the documents produced in response to RFP Nos. 1, 2,

8 and 14 - 16. The United States Patent and Trademark Office was given access for the purpose

of seeking patent protection. Plaintiff reserves the right to supplement this response as discovery is continuing.

**INTERROGATORY NO. 8:**

For each item of Alleged Confidential Information identified in response to Interrogatory No. 1 and for each document identified in response to Interrogatory No. 5, describe all steps taken by Teledyne to preserve the secrecy of the pertinent information.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the basis that the Interrogatory is overbroad, unduly onerous and burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving such objection, Teledyne required that employees or contractors who would be in a position of access to such information sign an agreement as to confidentiality. Plaintiff's building has secured access. The Employee Handbook also requires that confidentiality be maintained. Plaintiff reserves the right to supplement this response as discovery is continuing.

**INTERROGATORY NO. 9:**

Identify all persons with knowledge or information relevant to the Alleged Confidential Information, or any other allegations in the Complaint, and generally describe, identify the custodian of, and identify the location of any documents, physical evidence, or information that exists that is relevant to the same.

**RESPONSE:**

Plaintiff objects to this Interrogatory to the extent it seeks information which is protected by the attorney work product doctrine or the attorney-client privilege. Plaintiff also objects to

the logging of attorney work product and/or attorney-client privileged documents created since March 2012, when the issues regarding Dr. Cairns seeking access to certain connector parts in the possession of Teledyne arose, on the basis that such logging is unduly onerous and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Interrogatory on the basis that it is overbroad, unduly onerous and burdensome, and vague and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "all persons with knowledge or information relevant to the Alleged Confidential Information." Plaintiff also objects on the basis of being unduly onerous and burdensome and not reasonably calculated to lead to the discovery of admissible evidence for those persons who can be contacted through counsel.

Subject to and without waiving these objections, Teledyne responds as follows:

James L. Cairns,

Stewart Barlow, V.P. Technology, Europe

Dan Hawkins, Sr. Engineer, Technology Manager, Molding

Jeff Jacks, New Product Development Machinist

Roy Jazowski, Director of High Power Development

Rich Jones, Director of New Product Development

Steven J. Kowalcky, New Product Development Lab Manager

Alan McCleary, Scientist - New Product Development Technology & Integration

Ken Nagengast, Sr. V.P. Technology

Mike Read, President, Teledyne Oil & Gas, V.P. Teledyne Instruments, Inc.

William S. Taylor, Sr. New Product Development Product Test Technician

Cindy Tyminski, Manager of Administration,

8

Katherine Proctor, Patent Agent, Procopio, Cory, Hargreaves & Savitch LLP

Pam Bolter, Executive Assistant

Scott McGuire, Director of Human Resources,

Paul Francis, New Product Development Machinist

Clarence Doyle, Field Service Technician

Nina Cardino, Director of Procurement

Melanie Cibik, Sr. V.P., General Counsel and Secretary, Teledyne Instruments, Inc.

Jim Davis, Sr. V.P., Teledyne Instruments, Inc.

Robert Mehrabian, Chairman & CEO, Teledyne Instruments, Inc.

Al Pichelli, President, Teledyne Instruments, Inc.

Robert Steenberge, V.P. Teledyne Instruments, Inc., and

Former employees:

William F. Mudge, Project Engineer

Srikanth Ramasubramanian, Sr. New Product Development Engineer, and

Peter R. Baxter, New Product Development Machine Shop Manager. For identification of documents, Teledyne responds by referring to documents produced in response to RFP Nos. 1 – 18. With the exception of Peter Baxter, the foregoing persons should be contacted through counsel for Plaintiffs. Accordingly, Plaintiff objects to the additional information requested regarding individuals as unduly onerous and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Peter Baxter's last known business affiliation was as NPD Model Shop Manager, Teledyne Instruments, Inc. His last known personal residence was 505 Chelsea Place Ave., Ormond Beach, FL 32174. The location of the documents and information is:

9

- Teledyne Technologies Incorporated
  1049 Camino Dos Rios
  Thousand Oaks, CA 91360
  (custodian Melanie S. Cibik, Senior Vice President, General Counsel and
  Secretary);

- Teledyne Oil & Gas
  026 North Williamson Blvd.
  Daytona Beach, FL 32114
  (custodian Mike Read, President);

- Teledyne Oil & Gas, Ltd.,
  Units 26-28, Decoy Road
  Worthing, West Sussex, BN14 8ND
  United Kingdom
  (custodian Stewart Barlow, V.P. Technology, Europe).

Plaintiff reserves the right to supplement this response as discovery is continuing.

## INTERROGATORY NO. 10:

Identify all persons with knowledge of information relevant to Teledyne's claim for

damages, and provide a computation of each category of damage alleged for Counts II, III and V,

and generally describe, identify the custodian of, and identify the location of any documents,

physical evidence, or information that exists that is relevant to the same.

## RESPONSE:

Plaintiff objects to this Interrogatory to the extent it seeks production of information

which is protected by the attorney work product doctrine or the attorney-client privilege.

Plaintiff also objects to the logging of attorney work product and/or attorney-client privileged

documents created since March 2012, when the issues regarding Dr. Cairns seeking access to

certain connector parts in the possession of Teledyne arose, on the basis that such logging is

unduly onerous and burdensome and not reasonably calculated to lead to the discovery of

admissible evidence.

10

Subject to and without waiving these objections, Teledyne responds that Mike Read, President, Teledyne Oil & Gas, Mark Greenlaw, Vice President and Chief Financial Officer, Teledyne Oil & Gas, and Susan Main, Vice President and Chief Financial Officer, Teledyne Technologies Incorporated have "knowledge of information relevant to Teledyne's claim for damages." They should be contacted through counsel for Plaintiff. Teledyne further states that the computation of damages is or may be dependent upon information that is currently in the sole control of Defendants and may require expert testimony. Discovery in this regard is continuing. Plaintiff believes Defendants' actions have had either a negative effect and/or diminished the sales that could have been or will be realized by Teledyne ODI had Defendants complied with their legal obligations. The requested calculation cannot be made until the extent of Defendants' conduct has been ascertained during discovery. Moreover, the Complaint requests an accounting and Plaintiff cannot finally respond to the inquiry in this Interrogatory until that accounting is provided. Plaintiff reserves the right to supplement this response as discovery is continuing.

**INTERROGATORY NO. 11:**

Identify by case name, case number and jurisdiction all lawsuits or other actions initiated by Teledyne since 2002 against former employees or competitors of Teledyne alleging the misappropriation of confidential information or breach of a duty of confidentiality.

**<u>RESPONSE:</u>**

Plaintiff objects to this Interrogatory to the extent it seeks production of privileged information, including without limitation, information which is protected by the attorney work product doctrine or the attorney-client privilege.

Subject to and without waiving this objection, Plaintiff responds that Peter Baxter's employment was terminated and unemployment compensation successfully contested in Case

11

No. 2012-51361U before the Department of Economic Opportunity, Unemployment

Compensation Appeals.

Plaintiff reserves the right to supplement this response as discovery is continuing.

As to Responses:

April 10, 2013

Melanie S. Cibik,  Senior Vice President,
General Counsel and Secretary
Teledyne Instruments, Inc.

As to Objections:

April 10, 2013

Walter P. DeForest
(Admitted Pro Hac Vice)
deforest@deforestlawfirm.com
DEFOREST KOSCELNIK YOKITIS
SKINNER & BERARDINELLI
436 Seventh Ave., 30th Fl.
Pittsburgh, PA  15219
Ph:   (412) 227-3100
Fax:  (412) 227-3130

And

F. Bradley Hassell, Esquire
Florida Bar No.: 0260592
Thomas C. Smith, Esquire
Florida Bar No.: 0154652
TCS@Hassell-Legal.com
HASSELL-LEGAL, P.A.
1616 Concierge Boulevard, Suite 100
Daytona Beach, FL 32117
Ph:   (386) 238-1357
Fax: (386) 258-7406
Attorneys for Plaintiff

12

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TELEDYNE INSTRUMENTS, INC.,

      Plaintiff,

v.                                 **Case No.  6:12-cv-854-Orl-28-JA-TBS**

JAMES L. CAIRNS and
ABYSSAL SYSTEMS, INC.,

      Defendants.

_____/

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that on April 10, 2013, he served the foregoing Plaintiff Teledyne Instruments, Inc.'s Answers to Defendants James L. Cairns' and Abyssal Systems, Inc.'s First Set of Interrogatories by email and first class, U.S. Mail, postage prepaid upon the following:

Robert Alfert, Jr.
Kimberly Doud
Broad and Cassel
Bank of America, Ste. 1400
390 N. Orange Ave.
Orlando, Florida 32801-4961.

H. Michael Hartmann
Wesley O. Mueller
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Ste. 4900
Chicago, IL  60601

Walter P. DeForest
(Admitted Pro Hac Vice)
deforest@deforestlawfirm.com
DEFOREST KOSCELNIK YOKITIS
SKINNER & BERARDINELLI
436 Seventh Ave., 30th Fl.
Pittsburgh, PA  15219
Ph:  (412) 227-3100
Fax: (412) 227-3130
Attorney for Plaintiff

13