IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

TELEDYNE INSTRUMENTS, INC.,

                Plaintiff,

vs.

JAMES L. CAIRNS and
ABYSSAL SYSTEMS, INC.,

                Defendants.

Case No.: 6:12-cv-00854-JA-TBS

**Exhibit 4**

DeForest Koscelnik Yokitis Skinner & Berardinelli

Attorneys at Law

PITTSBURGH
Koppers Building, 30th Floor
436 Seventh Avenue
Pittsburgh, PA 15219
Phone: 412-227-3100
Fax: 412-227-3130

LOS ANGELES
21600 Oxnard Street, Suite 1760
Woodland Hills, CA 91367
Phone: 818-710-7700
Fax: 818-710-7701

Walter P. DeForest
Direct Dial: 412-227-3101
Email: deforest@deforestlawfirm.com
Reply to PITTSBURGH

April 22, 2013

*Via Email*

Wesley O. Mueller
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Ste. 4900
Chicago, IL 60601

RE: *Teledyne Instruments, Inc. v. James L. Cairns, et al.*
Case No. 6:12-cv-854-JA-TBS

Dear Wesley:

Your letter regarding Teledyne Instruments, Inc.'s Answers to Defendants James L. Cairns' and Abyssal Systems, Inc.'s First Set of Interrogatories is incorrect. In answering Interrogatory Nos. 1 and 2, we utilized the definitions of "Alleged Confidential Information" and "Alleged Trade Secrets" that are set forth in the definitions section of your Interrogatories. Those definitions are as follows:

"E. 'Alleged Confidential Information' means the purported confidential information that Teledyne claims was misappropriated or otherwise misused by Dr. Cairns, Abyssal, or any past or present agent or employee of Abyssal."

"F. 'Alleged Trade Secrets' means any purported trade secrets that Teledyne claims were misappropriated or otherwise misused by Dr. Cairns, Abyssal Systems, or any past or present agent or employee of Abyssal Systems, Inc."

It is quite clear from your own definitions that you did not request what is set forth in the third paragraph of your letter, *i.e.*:

"to identify specifically <u>all</u> information in its possession that it considers to be 'confidential information' or 'trade secrets.' (Again, limited to the subject matter of this case, of course, undersea connect devices.) Please note that the interrogatory is not limited to information in Dr. Cairns' possession."

Moreover, if you were to make such a request in the future, it would be highly objectionable.

# DeForest Koscelnik Yokitis Skinner & Berardinelli

I will be in two depositions and deposition preparation between them tomorrow; however, I would be available to discuss this matter further with you on Wednesday, April 24, 2013, at 11:00 a.m.

Very truly yours,

DeFOREST KOSCELNIK YOKITIS
SKINNER & BERARDINELLI

By
    Walter P. DeForest

WPD:sb
cc:    F. Bradley Hassell, Esq.
       H. Michael Hartmann, Esq.
       Robert Alfert, Jr., Esq.
       Marie A. DeForest, Esq.