# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TELEDYNE INSTRUMENTS, INC.,

        Plaintiff,

v.

JAMES L. CAIRNS, ABYSSAL SYSTEMS, INC., KATHRYN F. KRAUSE, and THE STILLWATER TRUST,

        Defendants.

Case No.: 6:12-cv-00854-JA-TBS

**DEFENDANTS' RESPONSES TO PLAINTIFF TELEDYNE INSTRUMENTS, INC.'S
REQUESTS FOR PRODUCTION DATED JULY 26, 2013 [NOS. 1-3]**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, by and through their attorneys, hereby respond to Plaintiff Teledyne Instruments, Inc.'s ("Teledyne" or "Plaintiff") Requests for Production dated July 26, 2013.  Defendants' responses and the fact that Defendants produce or identify any document shall not be construed as an admission of relevance to any discovery request.  Defendants' statement that production of a document or thing is forthcoming is not a representation that such document or thing exists, but only that a reasonably diligent search for such document or thing is taking place and, if any responsive non-privileged documents or things exist to which no objection has been made, Defendants will produce such documents and things at a reasonable place and time.

Defendants' unintentional or inadvertent production or disclosure of a document or thing that is protected by attorney-client privilege and/or attorney work product doctrine or otherwise immune from production shall not constitute a waiver of the privilege or immunity as to either

the document or thing produced or the privileged or immune subject matter, and shall not waive the right of Defendants to object to the use of any such document or thing during this action. Defendants reserve the right to demand the return of all copies of any document or thing that they believe is privileged or immune from production but for inadvertent production.

## OBJECTIONS

A.   Defendants object to the requests, and the Instructions and Definitions contained therein, to the extent they are broader than, inconsistent with, or attempt to impose conditions, obligations, or duties on Defendants beyond those contemplated by the requirements of the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or law.

B.   Defendants object to each request, and the Instructions and Definitions contained therein, to the extent it calls for the production of documents or things that are protected by attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.  Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, protections afforded by the attorney work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants also object to the logging of privileged and/or work product documents and things created after the filing of the Complaint in this action as unduly burdensome.

C.   Defendants object to the requests, and the Instructions and Definitions contained therein, as overly broad and unduly burdensome to the extent they would require Defendants to undertake an unreasonable search of files, documents, and records.  Defendants further object to the requests to the extent they seek documents or things not in their possession, custody, or control, or documents or things that are protected from disclosure by court order or agreement.

D.      Defendants further object to the requests to the extent they seek documents containing proprietary information, trade secrets, or other confidential information not relevant to the issues in this case.

E.      Defendants object to all requests that they review and/or produce multiple copies of the same e-mail correspondence for possible responsiveness to Plaintiff's requests as oppressive and unduly burdensome.

F.      Defendants object to the requests, and the Instructions and Definitions contained therein, as unduly burdensome to the extent they seek publicly available documents or things; seek discovery that is unreasonably cumulative or duplicative; seek documents or things already within Plaintiff's knowledge, possession, and/or control; and/or seek documents or things that are obtainable by Plaintiff with equal or greater facility.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1**

Please produce a forensically sound duplicate of any forensic or logical image(s) of the device(s) identified in response to Interrogatory 13, and if a forensic or logical image was not made, produce a forensically sound duplicate of whatever electronic copy was made.

**Response to Request for Production No. 1**

Defendants specifically incorporate General Objections A and C. In addition to the General Objections, Defendants object to this request as overly broad and unduly burdensome to the extent it seeks documents not related to the claims or defenses of any party, and to the extent it is irrelevant and not likely to lead to admissible evidence. Defendants object to this request to the extent that it is intended for embarrassment and harassment. Defendants object to this request to the extent it seeks documents protected by the attorney-client privilege, work product

3

privilege, and/or other applicable privilege or doctrine. Moreover, the parties agreed to a procedure for which they would produce Electronically Stored Information ("ESI"). That procedure was confirmed in correspondence between counsel, and Defendants have already produced to Plaintiff ESI in the format agreed to, and indeed, have already produced additional information to Plaintiff.

Defendants have produced or will produce a forensically sound duplicate of the electronic files listed in CAA00014446 – CAA00014532 and all system metadata associated with such files currently in Defendants' possession.

**Request for Production No. 2**

Please produce for forensic inspection and copying all original devices such as any computer(s), hard drive(s), thumb drive(s), and any other device(s) which contained the files reflected on CAA00014446 – CAA00014532.

**Response to Request for Production No. 2**

Defendants specifically incorporate General Objections A and C. In addition to the General Objections, Defendants object to this request as overly broad and unduly burdensome to the extent it seeks documents not related to the claims or defenses of any party, and to the extent it is irrelevant and not likely to lead to admissible evidence. Defendants object to this request to the extent that it is intended for embarrassment and harassment. Defendants object to this request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, and/or other applicable privilege or doctrine. Moreover, the parties agreed to a procedure for which they would produce Electronically Stored Information ("ESI"). That procedure was confirmed in correspondence between counsel, and Defendants have already produced to Plaintiff ESI in the format agreed to, and indeed, have already produced additional information to Plaintiff.

4

Defendants have produced or will produce a forensically sound duplicate of the electronic files listed in CAA00014446 – CAA00014532 and all system metadata associated with such files currently in Defendants' possession.

**Request for Production No. 3**

Please produce all documents identified by any Defendant in response to Plaintiff Teledyne Instruments, Inc.'s Interrogatories to Defendants served concurrently herewith.

**Response to Request for Production No. 3**

Defendants specifically incorporate General Objections A and C. In addition to the General Objections, Defendants object to this request as overly broad and unduly burdensome to the extent it seeks documents not related to the claims or defenses of any party, and to the extent it is irrelevant and not likely to lead to admissible evidence. Defendants object to this request to the extent that it is intended for embarrassment and harassment. Defendants object to this request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, and/or other applicable privilege or doctrine.

Plaintiff has made extensive, specific document requests as to what it deemed relevant, with which Defendants are attempting to comply. Defendants have made a reasonable electronic search of areas where potentially relevant material would be expected to be found and have or will produce any such relevant (or potentially relevant) documents found thereby which are not subject to the attorney work product doctrine or the attorney-client privilege. Defendants will produce any other relevant documents of which they are aware, located after a reasonable search, which are not subject to the attorney work product doctrine or the attorney-client privilege. If there are any specific additional areas sought by Plaintiff, it should so specify. Any confidential material produced will be subject to an appropriate Protective Order.

Defendants reserve the right to supplement this response as discovery is continuing.

5

Dated: August 26, 2013					By: /s/ Wesley O. Mueller

Robert Alfert, Jr. (FL Bar No.: 0959324)
Kimberly Doud (FL Bar No.: 0523771)
BROAD AND CASSEL
Bank of America, Suite 1400
390 North Orange Avenue
Orlando, Florida 32801-4961
Telephone: (407) 839-4200
Facsimile: (407) 425-8377

H. Michael Hartmann
Wesley O. Mueller
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing document was served upon the following by electronic mail on August 26, 2013:

F. Bradley Hassell
fbh@Hassell-Legal.com
Thomas C. Smith
tcs@Hassell-Legal.com
HASSELL, MOORHEAD & CARROLL
1616 Concierge Blvd.
Suite 100
Daytona Beach, FL 32117
Tel: (386) 238-1357
Fax: (386) 258-7406

Walter P. DeForest, III
deforest@deforestlawfirm.com
David J. Berardinelli
berardinelli@deforestlawfirm.com
Marie A. DeForest
mdeforest@deforestlawfirm.com
DEFOREST KOSCELNIK YOKITIS SKINNER & BERARDINELLI
436 Seventh Ave., 30th Floor
Pittsburgh, PA 15219
Tel: (412) 227-3100
Fax: (412) 227-3130


Dated: August 26, 2013                      /s/ Wesley O. Mueller
                                                           Wesley O. Mueller