UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TELEDYNE INSTRUMENTS, INC.,

    Plaintiff,

v.                                                            Case No: 6:12-cv-854-Orl-28TBS

JAMES L. CAIRNS, ABYSSAL
SYSTEMS, INC., KATHRYN F. KRAUSE
and THE STILLWATER TRUST,

    Defendants.

### ORDER

This matter comes before the Court on four unopposed motions for leave to file under seal (Docs. 147, 151, 159, 160) and a joint stipulation regarding two of the motions (Doc. 158). On April 24, 2013, the Court entered a protective order which provides in part for the submission of what is designated "CONFIDENTIAL INFORMATION" to the Court with a request that the same be sealed. (Doc. 64). Any party desiring to file materials designated as "CONFIDENTIAL INFORMATION" under seal must first obtain leave of Court (Id. pp. 10-11); see also M.D. FLA. LOCAL R. 1.09(a).

In the first motion (Doc. 147), Defendants seeks leave to file under seal an unredacted memorandum of law and nine exhibits in support of their Motion for Summary Judgment (Doc. 146). In the second motion (Doc. 151), Defendants seeks leave to file under seal an unredacted memorandum of law and three exhibits in support of their Motion to Exclude Expert Testimony of the OCI Experts (Doc. 150).

At a hearing on October 3, the Court expressed reservations about sealing some of these documents. (Doc. 156). Following the hearing, the parties filed the joint

stipulation in which they agree to unsealed filing of seven of the nine exhibits to Defendants' Motion for Summary Judgment. (Doc. 158). They also offer further arguments in support of allowing Defendants to file under seal the remaining two exhibits, the unredacted memorandum of law in support of their Motion for Summary Judgment, and the three exhibits and unredacted memorandum of law in support of their Motion to Exclude Expert Testimony of the OCI Experts.

In the third motion (Doc. 159), filed on October 15, Plaintiff seeks leave to file under seal five exhibits and an unredacted Memorandum in Opposition to Defendants' Motion to Exclude Expert Testimony of the OCI Experts. In the fourth motion (Doc. 160), also filed October 15, Plaintiff requests leave to file under seal three exhibits and an unredacted Memorandum in Opposition to Defendants' Motion to Exclude Expert Testimony of Dr. Edward T. Wolpert.

Between the motions and stipulation, the parties seek to file four unredacted legal memoranda and eleven exhibits under seal. Because of extensive duplication,[1] there are really only four substantively distinct exhibits: plaintiff's expert disclosures, usually with

---

[1] For example, the OCI Expert's "Counter-defendant" expert report is attached as Exhibit 1 to Defendants' Motion For Leave to File Under Seal parts of its motion to exclude the OCI Experts (Doc. 151-1); Exhibit A to Plaintiff's Motion For Leave to File Under Seal parts of its opposition to Defendants' motion to exclude the OCI experts (Doc. 159-1); and Exhibit B to Plaintiff's Motion for Leave to File Under Seal parts of its opposition to Defendants' motion to exclude Dr. Wolpert's testimony (Doc. 160-2). Another exhibit to Doc. 160 contains the OCI Experts' "Plaintiff's" expert report, which is almost identical to the "Counter-Defendant" expert report. The Court has appended to this Order a table of exhibits sought to be filed under seal in connection with these four motions to illustrate the extent to which the exhibits are duplicative of each other.
  The Court does not understand why parties need to repeatedly file the same exhibits under seal. This practice creates unnecessary work for the Court, headaches for the Clerk, and needlessly clutters the record. In future cases, the parties might consider the use of a master set of sealed exhibits, which can be added to as necessary.

- 2 -

Kenneth Nagengast's CV attached[2]; the OCI expert report; Dr. Edward Wolpert's expert report; and excerpts from the transcript of Mr. Nagengast's deposition.

These documents contain what has been designated "CONFIDENTIAL INFORMATION" or, in the case of the unredacted legal memoranda, citations or quotations from documents containing information that has been designated confidential. The parties aver that these documents contain sensitive technical drawings, designs, test data, and non-public financial data that are important to Plaintiff's business and that Plaintiff derives value from their secrecy. (Doc. 158, p. 2; Doc. 159, p. 3; Doc. 160, p. 3). The parties also assert there is no other means available to them to acquaint the Court with the facts underlying their respective positions other than through the use of the confidential documents. (Doc. 147, p. 3; Doc. 151, p. 3; Doc. 159, pp. 3-4; Doc. 160, pp. 3-4).

"'The operations of the courts and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). This right "includes the right to inspect and copy public records and documents." Chicago Tribune, 263 F.3d at 1311. Where, as here, the parties are litigating "'pretrial motions of a nondiscovery nature,'" "'there is a presumptive right of public access'" to the motions and all papers filed in support or opposition of the motions. Romero, 480 F.3d at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)).

---

[2] In some cases, the parties have also attached the OCI Group Report or both the OCI Group Report and the Wolpert Report as exhibits to the disclosures.

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Id., 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original))). The parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown v. Advantage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).

The Court has previously allowed the parties to file many of these documents under seal in connection with discovery related motions, so that the presumptive right to access did not apply. (Doc. 158, p. 2; Doc. 159, p. 3; Doc. 160, p. 3). Now, the Court must determine whether the parties have shown good cause to overcome the presumption of public access to non-discovery motions—in other words, whether they have shown that disclosure will cause "a clearly defined and serious injury." If the court

- 4 -

cannot make such a finding as to a particular document, it cannot allow the parties to file the document under seal.

The parties represent that the OCI report contains confidential technical drawings, designs, and test data that could be helpful to a competitor and harmful to Plaintiff if released. Likewise, the excerpted portions of Mr. Nagengast's deposition discuss technical information and knowledge gained during product development (e.g., what works and what doesn't). Finally, Dr. Wolpert's report contains confidential financial information, including profit margin and sales figures by profit line, which could be harmful to Plaintiff if disclosed. See Apple Inc. v. Samsung Electronics Co., 727 F.3d 1214, 1225 (Fed. Cir. 2013). The Court finds that disclosure of these documents is likely to cause Plaintiff "a clearly defined and serious injury."

Other factors counsel in favor of allowing these documents to be filed under seal. This case involves private parties, keeping these documents confidential should not impair judicial functions, and the parties have been unable to identify a less onerous alternative to filing the documents under seal. Therefore, the Court finds that the parties have overcome the presumption of public access and will allow these documents to be filed under seal.

Based on the information the parties have provided, the court cannot make such a finding for Plaintiff's expert disclosures and Mr. Nagengast's *curriculum vitae*.[3] The description of Mr. Nagengast's testimony is vague and general, and it is not clear how a competitor would learn confidential information from it. The Court requires a better showing of the reasons sealing is appropriate before it will seal these documents. The

---

[3] Some exhibits contain Plaintiff's expert disclosures as well as one or more expert reports attached as a sub-exhibit. (Docs. 147-8, 160-1). The Court will allow these exhibits to be filed under seal in their entirety to avoid further cluttering the docket.

parties will be allowed time to supplement their arguments to better explain why these documents should be sealed.

Now:

1. The Stipulation Regarding Defendants' Motions for Leave to File Under Seal (Doc. 158) is **ACCEPTED**.

2. The Clerk is directed to file Exhibits B, C, D, E, F, I, and J to Doc. 147 **unsealed**. (Docs. 147-2, 147-3. 147-4, 147-5, 147-6, 147-9, 147-10).

3. The Clerk of Court shall file the following documents **under seal**:

   a. Exhibits A, G, and H to Doc. 147. (Docs. 147-1, 147-7, 147-8).

   b. Exhibits A, 1, and 6 to Doc. 151. (Docs. 151-1, 151-2, 151-3).

   c. Exhibits A, F, and O to Doc. 159. (Docs. 159-1, 159-2, 159-5).

   d. Exhibits A, B, and Q to Doc. 160. (Docs. 160-1, 160-2, 160-3).

4. The Clerk shall maintain this information under seal until:

   a. Further Court order; or

   b. The parties shall have 14 days from the conclusion of the case (including any appeals) within which to make arrangements at their own cost to retrieve and dispose of the Confidential Information.

5. The motions are:

   a. **DENIED** in accordance with the parties' joint stipulation as to the Documents listed in Paragraph 2;

   b. **GRANTED** as to the Documents listed in Paragraph 3; and

   c. **TAKEN UNDER ADVISEMENT** as to Exhibits L and M to Doc. 159 and Exhibit C to Doc. 160.

6. Within fourteen (14) days from the date of this Order, Plaintiff shall explain why it should be permitted to file Exhibits L and M to Doc. 159 and Exhibit C to Doc. 160 under seal.

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

Table of Documents Proposed to be Filed Under Seal

| | |
|---|---|
| **Defendants' Motion for Summary Judgment** | |
| Doc. 147-1 | Defendants' Unredacted Motion for Summary Judgment ("Exhibit A") |
| Doc. 147-7 | Excerpts from Kenneth Nagengast's Deposition ("Exhibit G") |
| Doc. 147-8 | Plaintiff's June 27 Expert Disclosures ("Exhibit H"), including Mr. Nagengast's curriculum vitae (labeled "Exhibit 1") and the OCI Group's Corrected Expert Report dated July 16, 2013 (labeled "Exhibit 2") |
| **Defendants' Motion to Exlcude Expert Testimony of the OCI Experts** | |
| Doc. 151-1 | Defendants' Unredacted Motion to Exclude Expert Testimony of the OCI Experts ("Exhibit A") |
| Doc. 151-2 | The OCI Group's "Counter-defendant" Expert Report dated July 26, 2013 ("Exhibit 1") |
| Doc. 151-3 | Dr. Edward T. Wolpert's Expert Report dated June 27, 2013 ("Exhibit 6") |
| **Plaintiff's Opposition to Defendants' Motion to Exclude Expert Testimony of OCI Experts** | |
| Doc. 159-1 | The OCI Group's "Counter-defendant" Expert Report dated July 26, 2013 ("Exhibit A") |
| Doc. 159-2 | Excerpts from Kenneth Nagengast's Deposition ("Exhibit F") |
| Doc. 159-3 | Plaintiff's June 27 Expert Disclosures ("Exhibit L"), including Mr. Nagengast's CV (labeled "Exhibit 1") |
| Doc. 159-4 | Plaintiff's July 26 "Counter-defendant" Expert Disclosures ("Exhibit M"), including Mr. Nagengast's CV (labeled "Exhibit 1") |
| Doc. 159-5 | Plaintiff's Unreadected Memorandum in Opposition to Defendants' Motion to Exclude Expert Testimony of the OCI Experts ("Exhibit O") |
| **Plaintiff's Opposition to Defendants' Motion to Exclude Expert Testimony of Dr. Edward Wolpert** | |
| Doc. 160-1 | Plaintiff's June 27 Expert Disclosures ("Exhibit A"), including Mr. Nagengast's curriculum vitae (labeled "Exhibit 1"), the OCI Group's Corrected Expert Report dated July 16, 2013 (labeled "Exhibit 2"), and Dr. Wolpert's Expert Report dated June 27, 2013. |
| Doc. 160-2 | The OCI Group's "Counter-defendant" Expert Report dated July 26, 2013 ("Exhibit B") |
| Doc. 160-3 | Plaintiff's July 26 Expert Disclosures ("Exhibit C") |
| Doc. 160-4 | Plaintiff's Unredacted Memorandum in Opposition to Defendants' Motion to Exclude Expert Testimony of Dr. Edward T. Wolpert ("Exhibit Q") |