UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TELEDYNE INSTRUMENTS, INC.,

    Plaintiff,

v.                                            Case No: 6:12-cv-854-Orl-28TBS

JAMES L. CAIRNS, ABYSSAL
SYSTEMS, INC., KATHRYN F. KRAUSE
and THE STILLWATER TRUST,

    Defendants.

## ORDER

Pending before the Court are Plaintiff Teledyne Instruments, Inc.'s Unopposed Motions for Leave to File under Seal (Docs. 159, 160) and Supplement regarding these motions (Doc. 167). The motions request leave to file under seal Teledyne's unredacted responses in opposition to two of Defendants' motions to exclude, along with several exhibits to each response. On October 21, the Court entered an order granting these two motions in part, but taking them under advisement to the extent they seek to seal the expert disclosure of Teledyne's Senior Vice President for Technology, Kenneth Nagengast. (Doc. 165).

As the Court explained in that Order, motions to seal papers in connection with non-discovery motions must overcome a presumptive right of public access. (Doc. 165, p. 3); Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). The party seeking to file sealed documents may overcome this presumption by showing "good cause" to seal the documents, which is established by showing that disclosure will cause "a clearly defined and serious injury." (Doc. 165, p. 4); Pansy v. Borough of Stroudsburg,

23 F.3d 772, 786 (3d Cir. 1994).  The Court concluded that it could not make such a finding as to the expert disclosures of Mr. Nagengast, and gave the parties 14 days to explain why Teledyne should be permitted to file Mr. Nagengast's disclosures under seal.  (Doc. 165, p. 4-6).

Yesterday, Teledyne filed the Supplement explaining why it wishes to seal Mr. Nagengast's disclosures.[1]  (Doc. 167).  In the Supplement, it states that paragraph (ii) on page 3 of Mr. Nagengast's disclosure "includes confidential information about certain product development efforts" and that paragraph (vii) on pages 4-5 "include confidential competitive information about the impact to Teledyne" if Dr. Cairns licenses his patent application to a competitor.  (Id. p. 2).  Teledyne states that disclosure of this information to the public or Teledyne's competitors would be detrimental to Teledyne.  (Id.).  It has attached to the Supplement copies of the three exhibits containing Mr. Nagengast's expert disclosure with these two paragraphs redacted.  (Docs. 167-1, 167-2, 167-3).

Based on these explanations, the Court finds that disclosure of the paragraphs in question will cause Teledyne a clearly defined and serious injury.  The Court further finds that the parties have been unable to identify a less onerous alternative to filing the unredacted documents under seal.  Therefore, the Court finds that Teledyne has overcome the presumption in favor of public access, **GRANTS** the motions (Docs. 159, 160) in remaining part and:

1. The Clerk of Court shall file Exhibits L and M to Doc. 159 and Exhibit C to Doc. 160 **under seal**.
2. This Clerk shall maintain this information under seal until
    a. Further Court order; or

---

[1] Defendants assent to the submission of the supplement.  (Doc. 167, p. 2).

- 2 -

b.  The parties shall have 14 days from the conclusion of the case (including any appeals) within which to make arrangements at their own cost to retrieve and dispose of the Confidential Information.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Orlando, Florida on October 25, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties