UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TELEDYNE INSTRUMENTS, INC.,

    Plaintiff,

v.   Case No: 6:12-cv-854-Orl-28TBS

JAMES L. CAIRNS, ABYSSAL
SYSTEMS, INC., KATHRYN F. KRAUSE
and THE STILLWATER TRUST,

    Defendants.

## ORDER

This matter comes before the Court on two unopposed motions for leave to file under seal (Docs. 173, 176). On April 24, 2013, the Court entered a protective order which provides in part for the submission of what is designated "CONFIDENTIAL INFORMATION" to the Court with a request that the same be sealed. (Doc. 64). Any party desiring to file materials designated as "CONFIDENTIAL INFORMATION" under seal must first obtain leave of Court (Id. pp. 10-11); see also M.D. FLA. LOCAL R. 1.09(a). The motions the Court considers today seek leave to file under seal each party's unredacted memoranda in opposition to the other party's summary judgment motion, along with several exhibits.

These documents contain information that has been designated "CONFIDENTIAL INFORMATION" or, in the case of the unredacted legal memoranda, citations or quotations from documents containing information that has been designated confidential. It has been represented that many of these documents contain sensitive technical drawings, designs, test data, and non-public financial data that are important to

Teledyne's business and that Teledyne derives value from their secrecy. (Doc. 173, p. 4). The parties also assert there is no other means available to them to acquaint the Court with the facts underlying their respective positions other than through the use of the confidential documents. (Doc. 173, p. 4; Doc. 176, p. 3).

"'The operations of the courts and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). This right "includes the right to inspect and copy public records and documents." Chicago Tribune, 263 F.3d at 1311. Where, as here, the parties are litigating "'pretrial motions of a nondiscovery nature,'" "'there is a presumptive right of public access'" to the motions and all papers filed in support or opposition of the motions. Romero, 480 F.3d at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)).

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Id., 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v.

- 2 -

Case 6:12-cv-00854-JA-TBS   Document 179   Filed 10/31/13   Page 3 of 5 PageID 6168

Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).  See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original))). The parties' agreement to seal court documents "is immaterial" to the public's right of access.  Brown v. Advantage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).

   As Teledyne is quick to point out, the Court has already allowed it to file several of the exhibits it submits under seal, including in connection with dispositive and evidentiary-stage motions.  (Doc. 173, pp. 2-3).  The Court does not see why it needs yet another copy of these already-sealed documents.  Nevertheless, it will allow Teledyne to file them under seal without further discussion.  As for the remaining documents, the Court finds that disclosure could cause a clearly defined and serious injury to Teledyne, Defendants, and potentially third parties.  Cairns's journals contain personal information, and both the journals and the exemplar documents contain technical drawings and other knowledge relating to Teledyne's products that derive value from not being publicly known.  The deposition transcripts and redactions to the answers to interrogatories reveal confidential test data and other information concerning the development of Teledyne's products.  The Court finds that disclosure of this information could injure Teledyne.

   Other factors counsel in favor of allowing these documents to be filed under seal.  This case involves private parties, keeping these documents confidential should not impair judicial functions, and the parties have been unable to identify a less onerous alternative to filing the documents under seal.  Therefore, the Court finds that Teledyne has overcome the presumption of public access and **GRANTS** its motion.

The Court will also **GRANT** Defendants' motion as to Exhibits A, E, F, and G. Exhibits E and F concern an internal employment matter regarding one of Teledyne's employees who is not a party in this action. If disclosed, the information in these exhibits could cause unwarranted embarrassment to that employee. Exhibit G, Dr. Cairns's rebuttal report, contains confidential technical information, and the report it responds to (and frequently quotes) has already been sealed. Exhibit A is the unredacted memorandum in opposition to the Motion for Summary Judgment; the publicly filed version (Doc. 175) redacts the private information disclosed in Exhibits E and F. Because the Court finds that public disclosure of these documents would cause Teledyne, its employees, or Dr. Cairns a clearly defined and serious injury, it will allow these exhibits to be filed under seal.

Exhibits B, C, and D to Defendants' motion contain discussions between Teledyne and Dr. Cairns in 2010 regarding a possible independent contractor and license agreements. The Court fails to find anything confidential in these exhibits and **DENIES** the motion insofar as it requests to seal them.

In conclusion:

1. Plaintiff's Unopposed Motion for Leave to File under Seal (Doc. 173) is **GRANTED**.

2. Defendants' Unopposed Motion for Leave to File under Seal (Doc. 176) is **GRANTED IN PART and DENIED IN PART**.

3. The Clerk is directed to file the following documents **under seal**:

    a. Exhibits 4 and 5 to Exhibit A and Exhibits C, D, E, I, K, N, Y, and Z to Doc. 173. (Docs. 173-1 through 10).

    b. Exhibits A, E, F, and G to Doc. 176 (Doc. 176-1, 176-5, 176-6, 176-7).

4. The Clerk shall maintain this information under seal until:

    a. Further Court order; or

    b. The parties shall have 14 days from the conclusion of the case (including any appeals) within which to make arrangements at their own cost to retrieve and dispose of the Confidential Information.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record